Anthony W. Clark, ABN 018279
Anthony W. Clark and Associates, PLLC
PO Box 34506
Phoenix, AZ 85067
Tel (602) 266-9596
Fac (602) 266-6774
ecf@awcesq.com
Attorney for Debtor

**Dated: May 17, 2010**

_____
**GEORGE B. NIELSEN, JR**
**U.S. Bankruptcy Judge**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| In re **Musil, Dean R** <br> XXX-XX-3864 <br> and <br> **Musil, Beth L** <br> XXX-XX-6761 <br> Debtors | Chapter 13 <br><br> Case No. **08-13641-ECF-GBN** <br> AMENDED <br><br> STIPULATED ORDER CONFIRMING <br> *ORIGINAL* CHAPTER 13 PLAN |

The Chapter 13 Plan (Original, as Amended or Modified) having been served on all creditors and parties in interest and all objections (if any) to confirmation having been resolved,

**IT IS ORDERED** confirming the Debtor(s) Plan (Original, as Amended or Modified) as follows:

(A) **INCOME SUBMITTED TO THE PLAN.** Debtor(s) shall submit the following future income and/or property to the Trustee for distribution under the Plan.

(1) <u>Future Earnings or Income</u>. Debtor(s) shall pay the following Plan payments:

Months        Amount

*Debtor(s) shall pay $940 per month for 16 months; thereafter, debtor(s) shall pay $1,146 per month for 44 months, on or before the day of each month commencing with the 11/5/2008 payment. Total Plan yield is approximately $65,464.*

*Debtor shall remit net State and Federal tax refunds, if any, for 2008, 2009, 2010, 2011 and 2012 as supplemental plan funding. Debtors will submit all excess income from Schedules I and J for the duration of the Plan unless all claims are paid in full.*

Plan payments are due first on **Nov 5, 2008** and the same day each month thereafter until Debtor(s) tender to the Trustee all funding required under the Plan. **Late payments** result in the accrual of additional, unscheduled interest on secured claims and will result in a funding shortfall, which must be cured before the Plan will be deemed completed.

Debtor(s) shall, within 30 days after filing each return, deliver to the Trustee photocopies of **federal** and **state** income tax returns coming due during the Plan period. If Debtor(s) disposable income increases during the Plan period, the Trustee may move to modify the plan to increase plan payments and/or plan funding requirements overall.

(2) Other Property. If Debtor(s) Disposable Income is determined pursuant to 11 USC § 1325(b)(3), the Plan period shall be 60 months; otherwise, the Plan period shall be no less than 36 months, unless all allowed claims are paid in full sooner.

(B) **DURATION.** This Plan shall continue for _50_ **months (the Plan period)** from the first payment scheduled in Paragraph (A)(1) above. The Plan shall be deemed completed when all allowed claims are paid in full, unless otherwise set forth herein.

(C) **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified and paid as set forth below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. The Trustee shall retain from all Plan funding statutory commissions pursuant to 28 U.S.C. § 586(e) and then pay creditors in the following order:

(1) Administrative expenses:
Attorney Fees. Debtor(s) attorney shall be allowed total compensation of $_5,500.00_ Counsel received $_1,000.00_ prior to filing this case and will be paid $_4,500.00_ from Plan funding received by the Chapter 13 Trustee. Additional Attorneys Fees for Debtor(s) counsel may be approved by the Court and paid by Trustee upon separate application and Order.

(2) Claims Secured by Real Property:
*Debtor(s) shall make regular monthly payments directly to the creditor, Citimortgage, secured by a first lien on debtor(s) residence. Arrears in the amount of $0 shall be paid at 0% as provided for in the Plan. Any proceeds from the sale of such property in excess of debtor(s) homestead exemption shall be remitted to Trustee.*

*No equity exits in the property after allowance of the first mortgage. Accordingly, claims held by JPMorgan Chase shall be treated as general unsecured claims and upon discharge, JPMorgan Chase shall release all liens or risk violating of the discharge. Debtors reserve the right to file an adversarial proceeding to determine extent, validity and priority of lien.*

*Maricopa County Treasurer shall receive no payments through Debtors' Chapter 13 Plan as property taxes will be paid outside the Plan.*

(3) Claims Secured by Personal Property:
*The creditor secured by '07 F350, Arizona Federal Credit Union, to receive payments pro rata, through the Trustee, on $33,784.18 as secured with interest at 9 %. The unpaid balance to be classified as a general unsecured claim. Creditor is to receive adequate protection of $~~354~~ 338.47 Y until pro rata payments under the plan commence.*

*In re* Musil, Dean R
*Case No.* 08-13641-ECF-GBN

(4) Unsecured Priority Claims:

*The debtor(s) did/do not list any priority taxes indebtedness entitled to priority and have provided copies of all requested returns to the Trustee. Any tax claims scheduled are to be paid as general unsecured claims.*

(5) <u>Surrendered Property</u>. Unless otherwise ordered by the Court, upon confirmation of this plan all bankruptcy stays are lifted as to the collateral described immediately hereinafter. Creditor(s) holding security interest(s) in such property shall receive no distribution from the Trustee unless proof(s) of claim are filed and thereafter amended to reflect the subject deficiency balance(s) (if any) following liquidation of the subject property. In the event creditor(s) fails to file or amend proof(s) of claim, the Trustee will make no distribution(s) to such creditor(s). Debtor(s) surrender the following property: *"NONE"*

(6) <u>Other Provisions</u>:

(7) <u>Unsecured Nonpriority Claims</u>. All other claims shall be classified as unsecured and non-priority. Such claims shall be paid *pro rata* from funds remaining after payment of claims described hereinabove and the balance, upon completion of the Plan, shall be discharged as provided in 11 U.S.C. § 1328.

(D) **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this Order. Property of the estate vests in Debtors upon confirmation.

Approved as to Form and Content By:

_____
Maney, Edward J.

_____
Anthony W. Clark
Attorney for Debtors

_____                    _____

*In re* Musil, Dean R
*Case No.* 08-13641-ECF-GBN

*Musil, Dean R*
*08-13641-ECF-GBN*

## PLAN ANALYSIS

(1) Trustee's compensation (10% of plan payments). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $   6546
(2) Ongoing Post-Petition Mortgage Payments. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $      0
(3) Administrative expenses.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $   4500
(4) Priority claims. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $_____
(5) Payments on leases or to cure defaults, including interest . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $      0
(6) Payments on secured claims, including interest. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 43510
(7) Payments on unsecured, nonpriority claims.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 10908
Total of plan payments. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 65463

### Section 1325 Analysis.

(1) *Best Interest of Creditors Test:*

(a) Value of debtor's interest in nonexempt property . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $_____
(b) Plus: Value of property recoverable under avoiding powers. . . . . . . . . . . . . . . . . . . . . . . . . . . . $_____
(c) Less: Estimated Chapter 7 administrative expenses. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $_____
(d) Less: Amount payable to unsecured, priority creditors.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $_____
(e) **Equals:** Estimated amount payable to unsecured, nonpriority claims if debtor filed Chapter 7 . . . . . . . . . . $_____

Paragraph (2) to be completed by debtors whose current monthly income exceeds the state's median income.

(2) *Section 1325(b) Analysis:*

(a) Monthly disposable income under § 1325(b)(2), Form B22C, Statement of Current Monthly Income $_____
(b) Applicable commitment period.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .x
(c) Section 1325(b)(2) monthly disposable income amount multiplied by 60. . . . . . . . . . . . . . . . . . . . . . . . $_____
(M) **Estimated Payment to Unsecured, Nonpriority Creditors Under Plan**. . . . . . . . . . . . . . . . . . . . . . . $ 10908